UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAMELA JEAN CALDWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>C.R. BARD, INC., and BARD PERIPHERAL )<br>VASCULAR, INC., )<br>)<br>Defendants. ) | No. 3:20-CV-147-DCLC-HBG |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Response to the Court's Show Cause Order.[1] By way of background, the Court entered a Show Cause Order [Doc. 22] on May 20, 2020, directing Attorney Keith Altman to show cause as to why he should not be removed from counsel in this case for his failure to file a motion to appear pro hac vice.

The instant Response states that given the current conditions regarding the worldwide pandemic, Attorney Altman has had limited availability in finding local counsel. The Response states that Attorney Altman is prepared and ready to file a pro hac vice motion, but he cannot find local counsel to support that motion. In addition, the Response states that the parties in this case are continuing settlement negotiations and have requested that the Court stay the matter pending their negotiations. The Response requests that the Court defer resolution of the pro hac vice issue

---

[1] Attorney Altman emailed his Response to Chambers given that he is unable to file in CM/ECF. The Court has attached his Response to the instant Order.

until after the stay is lifted. Further, the Response states that at that time, Attorney Altman will either move to withdraw as counsel or will find suitable local counsel.

The Court notes that on June 9, 2020, the District Judge stayed this proceeding. Accordingly, give the stay in this case, the Court will **DEFER** resolution of the pro hac vice matter until the stay is lifted. If the matter is not resolved at that time, Attorney Altman **SHALL** inform the Court as to whether he intends to withdraw or find local counsel.

**IT IS SO ORDERED.**

                                        ENTER:

                                        */s/ Bruce Guyton*
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PAMELA JEAN CALDWELL, *individually*

      *Plaintiff*,

v.

C.R. BARD INCORPORATED., et al

      *Defendants*.

_____/

Case No. 20-cv-00147

## **RESPONSE TO THIS COURT'S MAY 20, 2020 ORDER TO SHOW CAUSE**

This case concerns Plaintiff Pamela Jean Caldwell's claims against C.R. Bard, Incorporated, and Bard Peripheral Vascular, Inc, for negligence, negligent misrepresentation, breach of express and implied warranty, fraudulent misrepresentation, and violations of Tennessee consumer protection law, among others. On September 16, 2016, Plaintiff filed a Complaint for Damages against Defendants in MDL 2641 seeking resolution for injuries sustained a result of Defendants IVC Filter failures. (D.E 1). This case was subsequently remanded to this Court. On May 20, 2020, in this Court's Order to Show Cause, this Court requested response as to why the undersigned should not be removed as attorney of record in this case and as to why sanctions should not be imposed. (May 20, 2020 Order, D.E. 22, PageID # 224). Undersigned Counsel responds as follows.

On April 8, 2020, this Court filed notice that Plaintiff's counsel, Keith Altman, is not admitted to practice before this Court. (D.E. 11). Plaintiff's Counsel is mindful of this Court's requirement to obtain local counsel in Tennessee, however, given current conditions regarding the worldwide pandemic, Plaintiff's Counsel has had limited availability in finding such local counsel. While Plaintiff's Counsel has prepared and is ready to file a *pro hac vice* motion, Plaintiff's Counsel has been unable to find local counsel to support that motion. Plaintiff's Counsel is continuing to both litigate Plaintiff Caldwell's case, as well as seeking to find local counsel, while pursuing settlement negotiations with Defendants.

Today the parties are filing a joint motion to stay this case until September 1, 2020 to allow the parties to continue settlement negotiations. Plaintiff's Counsel requests this Court defer resolution of the *pro hac* issue until after the proposed stay in this case is lifted. In the event the matter is not resolved at that time, Plaintiff's Counsel will either move to withdraw as counsel, or will have found suitable local counsel. Given the nature of Plaintiff's demands and Defendants' response, it is highly likely that the matter will resolve without any further involvement of the Court.

## CONCLUSION

Plaintiff's Counsel apologizes to the Court and Defendants for any trouble caused by the failure to obtain local counsel. For the foregoing reasons, Plaintiff

respectfully requests this Honorable Court stay the issue concerning *pro hac vice* status until after September 1, 2020 to allow for ongoing settlement negotiations.

Dated: June 5, 2020

By:   <u>*/S/Keith L. Altman*</u>
Keith L Altman (CA SBN 257309)

EXCOLO LAW, PLLC
26700 Lahser Rd, Suite 401
Southfield, Michigan 48033
(516) 456-5885
kaltman@excololaw.com

*Attorney for Plaintiff*
